CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 2 9 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

LYNDRELL DEMOND HAWKINS,  )
     **Plaintiff,**  )     **Civil Action No. 7:12cv00095**
       )
**v.**  )     **MEMORANDUM OPINION**
       )
WARDEN- ROSP, *et al.*,  )     **By: Samuel G. Wilson**
     **Defendants.**  )     **United States District Judge**

Plaintiff Lyndrell Demond Hawkins, a Virginia inmate proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983, alleging that the defendants failed to provide him with adequate medical care. The court finds that Hawkins' complaint fails to state a plausible claim to relief, and, therefore, dismisses his action *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.

Hawkins alleges that the defendants have been deliberately indifferent to his need for a medically prescribed diet which excludes "all bean and peas." Hawkins alleges that at his prior institution he was prescribed a diet which excluded "all beans and peas" based on his allergies. In response to Hawkins' grievances, defendants indicate that Hawkins' medical records only document that he is allergic to peanuts, wheat, corn, and soy beans.[1] Defendants state in grievance forms submitted by Hawkins that there is no documentation of Hawkins being allergic to "all beans and peas." Per those grievances, defendants have repeatedly asked Hawkins to

---

[1] The court takes judicial notice of a case that Hawkins filed in the Eastern District of Virginia, in which he complained that defendants at his prior institution failed to provide him with a medical diet that accommodated his allergies. See Hawkins v. Broyk, et al., Civil Case No. 2:11cv00489 (E.D. Va. Filed Aug. 31, 2011). In that case, Hawkins alleged that he was allergic to "crazy looking meat" (the defendants referred to it as meatloaf in the grievance responses). The court also notes that in grievance responses, the defendants from Hawkins' prior institution acknowledge that Hawkins is allergic to wheat, corn, peanuts, and soybeans, but no mention is made of an allergy to "all beans and peas."

1

submit to allergy testing to confirm his allegation of additional allergies, but Hawkins refuses. The medical department refuses to order a diet which excludes all beans and peas until they have confirmation that Hawkins is in fact allergic to all beans and peas.

Hawkins alleges that on December 12, 2011, he ate chicken soup and had an allergic reaction causing his throat to itch and shortness of breath. Hawkins was taken to the medical unit where he received medical care. Hawkins states that he later discovered that the chicken soup had "bean articles" in it. Later that day, Hawkins developed a rash and itching skin and had difficulty swallowing, so he returned to the medical unit, where he again received medical care. The next day, Hawkins met with the doctor and informed the doctor of his bean and pea allergy. The doctor asked Hawkins to submit a blood sample to test for the allergy. Hawkins refused. The doctor did not order Hawkins a medical diet which excluded "all beans and peas." The grievance records Hawkins submitted indicate that prison officials asked Hawkins again to take a blood test on December 20, 2011 and that Hawkins again refused. Hawkins states that he has refused several meal trays because they did not conform to his allergy needs.

## II.

Hawkins alleges that the defendants are deliberately indifferent to his serious medical need for a medically prescribed diet which excludes "all beans and peas." However, the court finds that Hawkins has not demonstrated that the defendants acted with deliberate indifference. Therefore, the court dismisses Hawkins' complaint for failure to state a claim.[2]

---

[2] To survive a Rule 12(b)(6) motion, the pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (citation omitted). Courts must liberally construe *pro se* complaints, Erickson v. Pardue, 551 U.S. 89, 94 (2007), and accept the claimant's factual allegations as true. Hemi Group, LLC v. City of N.Y., 130 S. Ct. 983, 986–87 (2010). However, this tenet is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that prison officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). A prison official is "deliberately indifferent" only if he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell, 528 F.2d at 319; Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Hawkins does not allege the defendants refused to treat him when he was taken to the medical unit complaining of an allergic reaction. In fact, he admits they treated him and requested he consent to a blood test for allergies. The grievance forms submitted by Hawkins with his complaint show that he refused multiple times. Hawkins claims that he has an allergy to "all beans and peas," but he refuses to be tested for this alleged allergy. Hawkins' complaint and the documents he submitted with it show only his obstinacy, not defendants' deliberate indifference. Accordingly, the court finds that Hawkins has failed to state a constitutional claim.[3]

---

[3] Hawkins also filed a motion for a preliminary injunction, asking the court to order the defendants to provide him with a medical diet that excludes "all beans and peas." Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374-376, 172 L. Ed. 2d 249 (2008).
Because the court has already determined that Hawkins' has failed to plead a plausible claim for relief, the court finds that he cannot demonstrate by a "clear showing," that he is likely to succeed on the merits at trial. Accordingly, the court denies Hawkins' request for injunctive relief.

3

## III.

For the reasons stated herein, the court dismisses Hawkins' § 1983 action for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).

**ENTER**: This 29th day of March, 2012.

_____
United States District Judge